GARY W. COKER
State Bar No. 04526000
Germer PLLC
P.O. Box 4915
Beaumont, Texas 77704
(409) 654-6700 – office
(409) 835-2115 – facsimile

ATTORNEY FOR MOVANT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RANCH 967 LLC | § | CASE NO. 15-10314 |
| | § | |
| DEBTOR | § | CHAPTER 11 |
| | § | |
| | § | |
| ROCKAFELLOW INVESTMENTS, LLC, | § | |
| JODY WINGROVE, JASON PARRISH, | § | |
| ALLISON GERMER BURAS, GERMER | § | |
| PROPERTIES LLC, AND EQUITY TRUST | § | |
| COMPANY CUSTODIAN FBO LAWRENCE J. | § | |
| GERMER IRA, | § | |
| | § | |
| MOVANTS | § | |
| | § | |
| VS. | § | |
| | § | |
| RANCH 967 LLC | § | |
| | § | |
| RESPONDENT | § | |

**MOTION OF ROCKAFELLOW INVESTMENTS, LLC, A TEXAS LIMITED LIABILITY COMPANY, JODY WINGROVE, JASON PARRISH, ALLISON GERMER BURAS, GERMER PROPERTIES LLC, AND EQUITY TRUST COMPANY CUSTODIAN FBO LAWRENCE J. GERMER IRA FOR AN ORDER DECLARING THAT THE RANCH 967 LLC BANKRUPTCY CASE IS A <u>SINGLE ASSET REAL ESTATE PROCEEDING SUBJECT TO 11 U.S.C. §362(d)(3)</u>**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

**TO THE HONORABLE U.S. BANKRUPTCY JUDGE:**

COME NOW ROCKAFELLOW INVESTMENTS, LLC, A TEXAS LIMITED LIABILITY COMPANY, JODY WINGROVE, JASON PARRISH, ALLISON GERMER BURAS, GERMER PROPERTIES LLC, AND EQUITY TRUST COMPANY CUSTODIAN FBO LAWRENCE J. GERMER IRA (collectively "Lender" or "Movant"), secured creditors and parties-in-interest herein, by and through their undersigned counsel files this motion requesting this Court to enter an order declaring the Debtor, RANCH 967 LLC, to be a "single asset real estate" debtor as defined by 11 U.S.C. §101(51B) and therefore subject to 11 U.S.C. §362(d)(3) (the "Motion") and would show the Court as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A) and (O). The statutory basis for the relief sought is 11 U.S.C. § 362 and 11 U.S.C. § 101(51B).

## PROCEDURAL BACKGROUND

2. On March 3, 2015 (the "Petition Date"), RANCH 967 LLC ("RANCH 967") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Western District of Texas, Austin Division (the "Court"). (RANCH 967 is hereinafter sometimes referred to as the "Debtor.")

**MOTION FOR AN ORDER DECLARING THAT THE BANKRUPTCY CASE IS A SINGLE ASSET REAL ESTATE PROCEEDING SUBJECT TO 11 U.S.C. §362(d)(3)**

3. No trustee has been appointed and since the Petition Date, the Debtor has continued operating as debtor in possession.

4. RANCH 967 has possession of the subject real property at issue in this case in accordance with §§ 1107 and 1108 of the Bankruptcy Code.

## BACKGROUND FACTS

5. On or about November 26, 2013, RANCH 967 executed, as maker, a promissory note payable to the order of Rockafellow Investments, LLC, a Texas limited liability company, Jody Wingrove, Jason Parrish, Allison Germer Buras, and Germer Properties LLC, as payee, in the original principal sum of $10,296,000.00 (the "Note").

6. The Note was secured by a Deed of Trust, Security Agreement, Assignment of Leases, Assignment of Rents, and Financing Statement dated November 26, 2013 executed by RANCH 967, as grantor, and delivered to C. Scott Mann, Jr., as trustee, for the benefit of Lender (the "Deed of Trust"). The Deed of Trust covers certain real property located in Hays County, Texas, more fully described in **Exhibit "A",** attached hereto and made a part hereof by this reference (the "Property"). The Deed of Trust was duly recorded as in Volume 4807, Page 250 of the Official Public Records of Hays County, Texas.

7. Debtor defaulted under the terms of the Note and Deed of Trust by failure to pay the monthly installment of interest in the amount of $122,423.61, originally due on June 1, 2014, but deferred by the agreement of the parties to July 8, 2014, and the monthly installment of interest in the amount of $118,474.50 due on July 1, 2014. Notice of such default was given by Lender to Debtor on July 17, 2014.

8. On August 12, 2014, Lender gave notice of acceleration of the maturity of the

**MOTION FOR AN ORDER DECLARING THAT THE BANKRUPTCY CASE IS A SINGLE ASSET REAL ESTATE PROCEEDING SUBJECT TO 11 U.S.C. §362(d)(3)**

**Page 3**

Note and posting of the Property for sale under the terms of the Deed of Trust.

9. Thereafter, after proper notice, the Property was posted for a foreclosure sale scheduled for October 7, 2014. However, the sale did not take place on that date, and was subsequently re-noticed and re-posted for a foreclosure sale scheduled for March 3, 2015. This bankruptcy proceeding was filed on March 3, 2015 and the foreclosure sale was not held.

10. Lender is the current owner and holder of the Note and the Deed of Trust and is entitled to enforce the Note and Deed of Trust according to the respective terms thereof.

## THE PROPERTY IS SINGLE ASSET REAL ESTATE

11. The Property meets the definition of "single asset real estate" under §101(51B) of the Bankruptcy Code as described below:

   a) The Property is the only material asset owned by RANCH 967.

   b) The Property is a single property or project.

   c) The Property is non-residential real property with fewer than four (4) residential units.

   d) The Property currently generates no income for RANCH 967.

   e) Prior to filing this bankruptcy proceeding, RANCH 967 attempted to sell the Property in parcels or as a whole to third-parties, but was unsuccessful in those efforts.

   f) No business is being conducted by RANCH 967 on the Property, other than the business of attempting to market and sell the Property.

## RELIEF REQUESTED

12. In its Petition, RANCH 967 designated the nature of its business as "Single Asset

**MOTION FOR AN ORDER DECLARING THAT THE**
**BANKRUPTCY CASE IS A SINGLE ASSET REAL ESTATE**
**PROCEEDING SUBJECT TO 11 U.S.C. §362(d)(3)**

Page 4

Real Estate". However, notwithstanding such admission, the language of 11 U.S.C. § 363(d)(3) requires entry of an order finding that RANCH 967 is subject to the provisions of 11 U.S.C. § 363(d)(3).

13. Movant seeks a determination that the RANCH 967 bankruptcy proceeding is a single asset real estate bankruptcy proceeding as that term is defined by 11 U.S.C. § 101(51B) and that RANCH 967 is subject to all provisions and requirements of 11 U.S.C. § 362(d)(3).

WHEREFORE, PREMISES CONSIDERED, ROCKAFELLOW INVESTMENTS, LLC, A TEXAS LIMITED LIABILITY COMPANY, JODY WINGROVE, JASON PARRISH, ALLISON GERMER BURAS, GERMER PROPERTIES LLC, AND EQUITY TRUST COMPANY CUSTODIAN FBO LAWRENCE J. GERMER IRA request that the Court enter an order determining that the RANCH 967 LLC bankruptcy proceeding is a single asset real estate bankruptcy proceeding and that the Debtor, RANCH 967 LLC, is subject to all provisions and requirements of 11 U.S.C. § 362(d)(3). Movant requests such other and further relief to which it may be justly entitled.

        Respectfully submitted,

BY:   /S/ GARY W. COKER
       GARY W. COKER
       State Bar No. 04526000
       Germer PLLC
       P.O. Box 4915
       Beaumont, Texas 77704
       (409) 654-6700
       (409) 835-2115 (fax)

ATTORNEY FOR MOVANTS

**MOTION FOR AN ORDER DECLARING THAT THE BANKRUPTCY CASE IS A SINGLE ASSET REAL ESTATE PROCEEDING SUBJECT TO 11 U.S.C. §362(d)(3)**

**Page 5**

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that a true and correct copy of the above and foregoing Motion has been served on all persons receiving electronic notice through the Court's ECF System and to all parties on the attached Service List by U.S.P.S. First Class Mail postage prepaid on this 7th day of April, 2015.

                                            /S/ GARY W. COKER
                                            GARY W. COKER

Diane W. Sanders on behalf of Creditor Hays CISD
austin.bankruptcy@publicans.com

Eric J. Taube on behalf of Debtor Ranch 967 LLC
erict@hts-law.com, sherris@hts-law.com, annmariej@hts-law.com

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

**MOTION FOR AN ORDER DECLARING THAT THE BANKRUPTCY CASE IS A SINGLE ASSET REAL ESTATE PROCEEDING SUBJECT TO 11 U.S.C. §362(d)(3)**

**Page 6**